## Davis and others *v.* Niagara Fire Ins. Co.

*(District Court, N. D. Illinois.* February 3, 1882.)

**1. Insurance Agent—Employment of.**

Defendant, a foreign insurance company, appointed plaintiffs as its agents to place risks and transact its business, and issued a commission or appointment to plaintiffs as such agents, and subsequently, in its reports to the auditor of the state, and in taking out its annual licenses and certificates for the transaction of business in the state, and by letters to the auditor from its secretary, named the plaintiffs among its authorized agents for the ensuing year. *Held,* that defendant, by complying with the state statute from year to year, designating plaintiffs as its agents, does not necessarily imply an agreement or intention to continue plaintiffs as such agents for any especial time.

**2. Same—Term of Appointment.**

Promises held out by the secretary of the company, in the absence of proof of his authority to bind the company, cannot be construed into an agreement to change the terms of plaintiffs' appointment from an agency at will to an agency for a fixed term.

*Schuyler & Follansbee,* for plaintiffs.

*Lawrence Proudfoot,* for defendant.

BLODGETT, D. J., *(orally.)* This is a suit by plaintiffs for the recovery of damages from defendant on the ground that the defendant unwarrantably revoked the authority of plaintiffs to act as defendant's agents in the city of Chicago. The proof shows, and without dispute, that on or about February 1, 1875, the defendant appointed the plaintiffs its agents to place risks and transact its business in this city. A commission or appointment to the plaintiffs as such agents was issued by the defendant, empowering them to transact the business of insurance for the defendant and as its agents, subject to the rules and regulations of the company, and instructions to be from time to time given by its officers, with no limitation as to the time the agency was to continue. The defendants entered upon the performance of their duties as such agents from year to year. Afterwards, the defendant, in its reports to the auditor of this state, and in taking out its annual licenses and certificates for the transaction of business in this state, named the plaintiffs among its authorized agents. In January, 1881, the defendant, by letter from its secretary to the auditor of state, designated certain persons, among whom were the plaintiffs, to act as agents of the defendant in this state for the then ensuing year, and the auditor, in pursuance of this request, issued a license to the plaintiffs as such agents, and plaintiffs continued to act as such agents for defendant up to the first day of May last, when

their agency and power to act for and in behalf of defendant was revoked, and the business transferred to other persons. The plaintiffs contend that by the action of the company at the beginning of the year, in requesting from the auditor that they be named among the defendant's agents, they were appointed and made agents of defendant for the entire fiscal year from the first day of January, 1881, and claimed the right to recover as damages the commissions they would have earned upon the business they could have transacted for the defendant during the year, basing their estimate of the probable amount of such businesss and earnings upon the results of their business in previous years. Defendant insists that the appointment of plaintiffs as such agents was to continue only during the pleasure of the defendant; that it was a delegation of power revocable at will; and that defendant could and did rightfully terminate the plaintiffs' agency in May last.

There is certainly nothing in the original appointment or commission which expressly or by implication seems to bind defendant to continue the agency of plaintiffs for any specified time; nor do I think the fact that the defendant, in complying with the statute of this state, from year to year, designated the plaintiffs as its agents, necessarily implied any agreement or intention to continue plaintiffs as such agents for the ensuing fiscal year, or for any special time. It would certainly be a great embarrassment to the business of all foreign insurance companies doing business in this state, if, by naming or designating any person to the auditor to act as agent for the company, such person's agency could not be terminated for 12 months, or until the end of the fiscal year. It would put the companies, bound hand and foot, into the hands of their local agents, and transfer the management of their affairs and business from their boards of directors and executive officers to these agents. Such a request means no more than that while the company sees fit to deal with the person named as its agent, he is to be treated as such by the auditor, and the public dealing with him, under the law; but it creates no obligation on the company to retain the agent for any certain time. If the appointment was revocable in the first place, it is certainly not made irrevocable by any such request to the auditor.

Plaintiffs have also offered some evidence as to promises held out to them by Mr. Goodrich, the secretary of the company, in March last, in regard to the prospects of business for the ensuing year, and indicating a change of policy as to risks, and an intention to increase their business. But this cannot be construed into an agreement to

change the terms of plaintiffs' appointment from an agency at will to an agency for a fixed term; and, besides, there is no proof that Mr. Goodrich had power to bind his company in any such manner.

I therefore conclude that this was, and continued to be, a mere agency at the will of the defendant, and that no right of action accrued to plaintiffs by its revocation.

The plaintiffs' suit will be dismissed.